FILED
United States Court of Appeals
Tenth Circuit

December 1, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CYNTHIA R. PINKEY,

Plaintiff - Appellant,

v.

ARI ZAVARAS, Director; SGT.
MASTERS; SCOTT HALL, Ass. Warden;
MAJOR CHAVEZ; TRAVIS TRANI,
Warden; LT. COOK; LT. SCHELBLE; LT.
PAGENT; SGT. SMALL,

Defendants - Appellees.

No. 10-1236
(D.C. No. 1:09-CV-02557-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Cynthia R. Pinkey, a state prisoner proceeding pro se, appeals the district court's

order dismissing her civil-rights complaint without prejudice. Because Ms. Pinkey did

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not show cause for her failure to comply with the district court's orders, we AFFIRM.

## I. BACKGROUND

On December 2, 2009, Ms. Pinkey filed an action under 42 U.S.C. § 1983 alleging that prison officials at the Denver Women's Correctional Facility in Denver, Colorado violated her rights under the Fourth, Eighth, and Fourteenth Amendments. On December 9, the court granted her motion for leave to proceed in forma pauperis, ordering her to make monthly partial payments of the filing fee as required by 28 U.S.C. § 1915(b) or to show cause each month why she had no assets and no means to pay the fee. To show cause, Ms. Pinkey was required to file a current certified copy of her trust fund account statement that demonstrated her inability to make a monthly filing fee payment. The court warned Ms. Pinkey that if she failed to comply with the order, it would dismiss her complaint.

Following payment of the initial filing fee on January 7, 2010, Ms. Pinkey made no monthly payments and failed to submit certified copies of her trust fund account statement showing she was unable to make the payments. On April 12, 2010, the magistrate judge ordered Ms. Pinkey to show cause as to why she did not comply with the December 9 order. After Ms. Pinkey filed her response, the district court concluded Ms. Pinkey had failed to show cause. The court dismissed Ms. Pinkey's complaint without prejudice, and she now appeals the court's order.

## II. DISCUSSION

"We review for abuse of discretion a district court's dismissal for failure to comply

with a court order." *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (alteration, citation, and quotations omitted). When the dismissal is without prejudice, "a district court need not follow any particular procedures." *Id.* at 1143 n.10 (quotations omitted).

In this case, the district court provided Ms. Pinkey with sufficient opportunity to comply with the court's December 9 order. The district court waited three months before it issued an order demanding Ms. Pinkey show cause for her failure to make monthly payments. In her response to the court's show-cause order, Ms. Pinkey alleged that she is unable to pay the filing fee because she has not had more than $1.50 in her inmate account since she filed the complaint. She did not, however, support her allegation with a certified copy of her trust fund account statement. Moreover, even if Ms. Pinkey had established her inability to pay, it would not have excused her failure to file a certified copy of her trust fund account statement with the court each month in accordance with the December 9 order.

Ms. Pinkey also contends that she "cannot tell inmate banking to deduct 20% of her account" to make payments, and that the district court ought to have ordered the prison to make the payments from her account. She further asserts that "all the

documents [she] could receive, she mailed to the court." She has not, however, offered any evidence that the prison failed to comply with a request to make payments or to issue a certified copy of her trust fund account statement to the court. Accordingly, the district court did not abuse its discretion in dismissing Ms. Pinkey's action for failure to comply with the court's orders.

## III.  CONCLUSION

For the foregoing reasons, the district court's order is AFFIRMED. We DENY Ms. Pinkey's motion to proceed in forma pauperis on appeal and order her to make immediate payment of the unpaid balance due.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge